IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSEPH PITTS, #A0259019,<br><br>Petitioner,<br><br>vs.<br><br>HONORABLE JUDGE SUMMERVILLE, et al.,<br><br>Respondents. | Civil No. 20-00421 LEK-KJM<br><br>ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY |

**<u>ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY</u>**

Before the Court is pro se Petitioner Joseph Pitts' ("Pitts") petition under 28 U.S.C. § 2241 for a writ of habeas corpus ("Petition"). ECF No. 1. Pitts is awaiting retrial in *State v. Pitts*, CR. NO. 09-1-0097 (Haw. 1st Cir.),[1] for attempted murder in the second degree, in violation of Hawaiʻi Revised Statutes §§ 705-500 (1993) and 707-701.5 (1993). Pitts challenges the amount of his bail and his continued pretrial detention. ECF No. 1 at 1. Because Pitts has not exhausted his

---

[1] Also referred to as 1PC091000097. *See* Hawaii Judiciary Information Management System, http://jimspss1.courts.state.hi.us:8080/eCourt/ECC/CaseSearch.iface. After a jury found Pitts guilty following trial, the Hawaiʻi Supreme Court vacated the judgment of conviction and remanded to the circuit court for further proceedings. *See State v. Pitts*, 456 P.3d 484 (Haw. 2019). The Supreme Court "concluded that the prosecutorial misconduct in [Pitts'] case was not individually or cumulatively 'so egregious' as to bar retrial." *Id.* at 498 n.14 (citation omitted).

claims before the Hawaiʻi appellate courts, the Court DISMISSES the Petition without prejudice. Any request for a certificate of appealability is DENIED.

## I. **BACKGROUND**[2]

Pitts is in pretrial custody at the Oahu Community Correctional Center ("OCCC"), awaiting retrial currently scheduled for December 7, 2020. In his petition, Pitts challenges the denial of his motion for reduction of bail from $250,000 to $1, and his continued pretrial detention. ECF No. 1 at 1. Pitts argues that the circuit court "abused its discretion when it denied [him] bail reduction and immediate release without a finding that no combination of conditions would reasonabl[y] assure [his] appearance for trial and the safety to the community." *Id.* at 5.

On October 19, 2020, Pitts filed a petition for a writ of habeas corpus in the Hawaiʻi Supreme Court making the same arguments. *See Pitts v. Sommerville*, No. SCPW-20-0000625 (Haw.). That petition remains pending.

---

[2] These facts are taken from the Petition and Pitts' state court criminal docket. *See* 28 U.S.C. § 2254(e)(1); *McNeal v. Adams*, 623 F.3d 1283, 1285 n.1 (9th Cir. 2010) (holding state court determinations of fact are "presumed to be correct" in habeas proceedings); *see also* Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules").

## II. DISCUSSION

### A. Petition for a writ of habeas corpus under 28 U.S.C. § 2241

The Court may entertain a petition for writ of habeas corpus from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A pretrial detainee's challenge to a bail determination is properly raised under 28 U.S.C. § 2241. *See Stack v. Boyle*, 342 U.S. 1, 6-7 (1951); *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018).

A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Rule 4 of the Rules Governing Section 2254 Cases, which applies to habeas petitions brought pursuant to 28 U.S.C. § 2241, requires a district court to summarily dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**B.     Exhaustion**

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted).  A petitioner's claims are considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986) (citing *Rose v. Lundy*, 455 U.S. 509, 515 (1982)).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Although 28 U.S.C. § 2241(c)(3) does not explicitly require exhaustion, federal courts "require, as a prudential matter, that habeas petitioners exhaust available judicial . . . remedies before seeking relief under § 2241." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (citation omitted).  "Where a petitioner seeks pre-conviction habeas relief, [the] exhaustion prerequisite serves two purposes: (1) to avoid isolating state courts from federal constitutional issues by assuring those courts an ample opportunity to consider constitutional claims; and (2) to prevent federal interference with state adjudication, especially state criminal trials." *Carden v. Montana*, 626 F.2d 82, 83–84 (9th Cir. 1980).

While there is a narrow exception to the exhaustion requirement for "special circumstances," this is limited to "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).  Courts routinely hold that an excessive bail claim does not meet the "special circumstances" standard.  *See*, *e.g.*, *Kanongata'a v. Jones*, 2020 WL 4674268, at *2 (E.D. Cal. Aug. 12, 2020); *Dudley v. Niell*, 2015 WL 6855635, at *4 (N.D. Tex. Oct. 9, 2015), *adopted*, 2015 WL 6809296 (N.D. Tex. Nov. 6, 2015) ("[A] challenge to the reasonableness of a pretrial bond is cognizable in a federal habeas corpus action after exhaustion of state court remedies."); *Lazarus v. Baca*, 2010 WL 1006572, at *6 (C.D. Cal. Mar. 17, 2010) (abstaining from considering bail claim prior to exhaustion, noting "state proceedings provide petitioner with an adequate opportunity to litigate her constitutional claims."), *aff'd*, 389 F. App'x 700 (9th Cir. 2010).

Pitts has not exhausted his state judicial remedies.  Although Pitts filed a habeas petition in the Hawaiʻi Supreme Court, that petition remains pending.  Accordingly, the Petition is DISMISSED without prejudice as unexhausted.  *See McCoy v. Sequeira*, Civ. No. 20-00384, 2020 WL 5604031, at * (Sept. 18, 2020 D.

Haw.) (dismissing habeas petition based on alleged excessive bail because petitioner failed to exhaust his claims).

## C. Remaining Claims

Pitts also raises claims concerning the conditions of his confinement at OCCC, apparently in support of his request for release. *See* ECF No. 1 at 9–11. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Pitts' conditions of confinement claims, if successful, would not necessarily entitle him to release from custody and are therefore cognizable only under 42 U.S.C. § 1983, not in this habeas action. *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997); *see also Mayle v. Felix*, 545 U.S. 654-55 (2005) (discussing procedural differences and standards between habeas actions and ordinary civil actions).

The Court has the discretion to convert a habeas petition to a prisoner civil rights case in appropriate circumstances. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *overruled on other grounds by Woodford v. Ngo*, 548 U.S. 81 (2006). Because Pitts clearly seeks habeas relief—release from pretrial detention—and there are significant procedural differences and consequences between these two types of actions, the Court declines to do so.

For example, the filing fee for a prisoner civil rights litigant who is proceeding in forma pauperis is $350.00 compared to the substantially lower $5.00 filing fee for a habeas petition. 28 U.S.C. § 1914(a). The Court cannot assume that Pitts is willing to pay the considerably higher filing fee.

Moreover, the Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Administrative exhaustion applies to all prisoner claims that do not implicate the duration of a prisoner's sentence. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is a prerequisite in a prisoner civil rights action and cannot be excused by a district court. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Booth v. Churner*, 532 U.S. 731, 739 (2001). Having filed his claims under 28 U.S.C. § 2241, Pitts may be unaware of this requirement, or he may be in the process of exhausting his conditions of confinement claims.

Finally, the pleading standards differ markedly for habeas petitions and civil rights actions. Rule 8 of the Federal Rules of Civil Procedure, which governs civil rights pleadings, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement and

requires habeas petitioners to "specify all the grounds for relief available" and "the facts supporting each ground." To the extent Pitts wishes to continue his challenges to the conditions of his confinement at OCCC, he must file a civil rights action. Pitts has filed numerous previous civil rights actions in this Court and is able to do so again if that is his intent.

### III.  CERTIFICATE OF APPEALABILITY

Pursuant to Habeas Rule 11, a federal court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pitts fails to make a substantial showing of the denial of a constitutional right, and the Court DECLINES to issue a certificate of appealability.

//

//

//

//

//

//

//

//

## IV. CONCLUSION

(1) The Petition for Writ of Habeas Corpus is DISMISSED without prejudice as unexhausted.

(2) Any request for a certificate of appealability is DENIED.

(3) The Clerk of Court SHALL close the file and terminate this action.

IT IS SO ORDERED.

DATED: October 28, 2020 at Honolulu, Hawaiʻi.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOSEPH PITTS VS. HONORABLE JUDGE SUMERVILLE, ET AL.; CV 20-00421 LEK-KJM; ORDER DISMISSING PETITION AND DENYING CERTIFICATE OF APPEALABILITY**